# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERESA ANNE SCOTT,** | : | **CIVIL ACTION NO. 1:02-CV-1586** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **PAMELA WELLINGTON LACKEY, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is a motion (Doc. 179) filed by defendant Evan Leslie Adams ("Adams") to set aside default judgment. For the reasons that follow, the motion will be granted.

Plaintiff Teresa Ann Scott ("Scott"), a resident of Maryland, commenced the above-captioned action in September 2002.[1] (See Doc. 1 ¶ 1). The gravamen of Scott's claim is that Adams and defendant Pamela Wellington Lackey ("Lackey") defamed Scott over the internet. (See Docs. 1, 44). Lackey resides within the Middle District of Pennsylvania, and Adams, a physician and part-time actor, is a Canadian citizen residing in British Columbia. (Doc. 1 ¶ 2; Doc. 179, Attach. 2 ¶ 2).

On October 1, 2002, Scott filed a proof of service indicating that the complaint was sent by certified mail to Adams in the care of "Characters Talent Agency," a business in Vancouver, British Columbia, that allegedly acted as

---

[1] Scott had previously filed a defamation action against defendants in the United States District Court for the District of Maryland. That action was dismissed for lack of jurisdiction. (See Doc. 44 at 2; Doc. 38, Attach. 1).

Adams's agent. (See Doc. 4). Adams did not respond to the complaint. An amended complaint was filed on July 15, 2003 (see Doc. 44), and shortly thereafter Scott filed a proof of service on "Murray Gibson" of Characters Talent Agency pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") (see Doc. 61). Again, Adams did not respond.

On October 16, 2003, Scott moved for default judgment against Adams. (See Doc. 62). The motion was granted in September 2004, but the Clerk of Court was directed to defer entry of judgment until damages could be determined.[2] (See Doc. 163). On February 10, 2005, counsel for Adams entered an appearance in this case and moved to set aside the default judgment on grounds that service of process was never effected, and that the court lacked personal jurisdiction over Adams. (Docs. 178, 179).

When assessing a motion to set aside a default judgment, a court must normally consider whether: (1) the plaintiff will be prejudiced by setting aside the default; (2) the defendant has a meritorious defense to the claims; (3) the default was the result of the defendant's culpable misconduct; and (4) other, lesser sanctions are available. Hritz v. Woma Corp., 732 F.2d 1178, 1181-82 (3d Cir. 1984); FED. R. CIV. P. 60(b). However, failure to effect service of process on a defendant,

---

[2] The Clerk of Court entered default (Doc. 92) against Adams on December 10, 2003, for failure to plead or otherwise defend. See FED. R. CIV. P. 55(a). This will also be set aside.

particularly one over whom the court may lack jurisdiction, is often viewed as adequate grounds to set aside a default judgment.  See United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303-04 (3d Cir. 1995); Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985).

In the matter *sub judice*, there is evidence of record that service of process was never effected upon Adams.  Federal Rule of Civil Procedure 4 allows for service upon an individual in a foreign country by "any internationally agreed means reasonably calculated to give notice" to the defendant.  FED. R. CIV. P. 4(f)(1). The Hague Convention is an appropriate mechanism for establishing service of process under Rule 4 on defendants located outside of the United States.[3]  See generally, Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694 (1988). Service is effected on a defendant abroad when the method employed is consistent

---

[3] It appears that use of the Hague Convention procedures may be mandatory for service of process on foreign defendants.  See FED. R. CIV. P. 4, advisory committee notes—1993 amendments ("Use of the [Hague] Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."); see also Fleming v. Yamaha Corp., USA, 774 F. Supp. 992 (W.D. Va. 1991) (holding that where Hague Convention applies its procedures must be utilized); Kim v. Frank Mohn A/S, 909 F. Supp. 474 (S.D. Tex. 1995) (same); Wilson v. Honda Motor Co., Ltd., 776 F. Supp. 339 (E.D. Tenn. 1991) (same); Mommsen v. Toro Co., 108 F.R.D. 444 (S.D. Iowa 1985) (same); Wasden v. Yamaha Motor Co., Ltd., 131 F.R.D. 206 (M.D. Fla. 1990) (same); contra Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana SA de CV, 277 F. Supp. 2d 654 (N.D. Tex. 2002)(holding that use of state's long-arm statute to effect service upon foreign defendant did not violate terms of Hague Convention); Newport Components, Inc. v. NEC Home Electronics, Inc., 671 F. Supp. 1525 (C.D. Cal. 1987) (same); Weight v. Kawasaki Heavy Indus., Ltd., 597 F. Supp. 1082 (E.D. Va. 1984) (same).

with the provisions of the Hague Convention.  See id.; see also Eli Lilly & Co. v Roussel Corp., 23 F. Supp. 2d 460, 470 (D.N.J. 1998); Raffa v. Nissan Motor Co., Ltd., 141 F.R.D. 45, 45 (E.D. Pa. 1991).

The Hague Convention requires that legal documents be delivered to a signatory-state's "Central Authority."  See Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, art. 3 (hereinafter "Hague Convention").  The Central Authority must then serve the documents "by a method prescribed by its internal law."  See Hague Convention, art. 5(a); see also Volkswagenwerk, 486 U.S. at 700 ("The Convention does not prescribe a standard, so we almost necessarily must refer to the internal law of the forum state.").  In a declaration to the Hague Convention, Canada declared its "internal law" to be as follows:

> In Canada, service will be effected according to the methods of service prescribed by the laws in force in each province and territory.  The normal procedure that will be used by the Central Authorities in Canada is personal service made by a sheriff or deputy sheriff or a *huissier* in Quebec, on an individual or on a corporation by handing a copy of the document to the defendant in person, wherever he may be, or to the President, Chairman or other Chief Officer of a corporation at the place of business.  Service may also be effected by leaving a copy of the document with a person of a reasonable age at the defendant's domicile or residence.

See FED. R. CIV. P. 4, conventions, Canada declaration 2.1.  The "laws in force" in British Columbia require that service be effected "by leaving a copy of the document" with the defendant.  B.C. Reg. 221/90, s. 11(2)(a).  This can be accomplished by delivering the document to the defendant's attorney, leaving it

4

with an adult at the defendant's residential or business address, or affixing the document to the defendant's door. B.C. Reg. 221/90, s. 11(6.1)(a,c).

In the matter *sub judice*, it is clear that Scott did not comply with these provisions. Although Scott forwarded the complaints to Canada's Central Authority, she did not direct that the documents be sent to Adams's residence, but instead requested that they be delivered to Murray Gibson at Characters Talent Agency.[4] However, neither Gibson nor anyone else at Characters Talent Agency were authorized to accept service of process on Adams's behalf. (See Doc. 179, Attach. 2 ¶¶ 4-5, 7-8). The complaints were not delivered to: Adams, his attorney, an adult at his residential or business address, or a person authorized to accept

---

[4] It appears that Scott was aware that the entry of default judgment might not be appropriate. In a letter addressed to Canada's Central Authority Scott states, in pertinent part: "I am not sure of the best place to serve Dr. Evan Adams. He is an actor as well as a Family Physician. His talent agent is Murray Gibson of The Characters Talent Agency in Vancouver. I don't know though, if Mr. Gibson is authorized to accept service on behalf of Adams. . . . Not knowing for sure if Gibson is authorized to accept service for Adams, I am reluctant to file for default at this point." (Doc. 185, Ex. 3 ¶ 3).

service on Adams's behalf.[5]  See B.C. Reg. 221/90, s. 11(4) (setting forth requirements for serving agent of a defendant).  Accordingly, service was not properly effected upon Adams.

Because service was not properly effected upon Adams, default judgment will be set aside.[6]  See United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303-04 (3d Cir. 1995); Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985).  Moreover, because the court finds that Adams's failure to appear previously was substantially justified, sanctions will not be imposed.  Scott will be afforded additional time to

---

[5] Nor would service be effected under Pennsylvania's long-arm statute.  See PA. R. CIV. P. 402, 403, 404.  The court also notes that Scott attempted to mail a notice of motion for default judgment to what is apparently Adams's residential address, but that the envelope was returned marked "refused."  (See Docs. 47, 185 at 3).  Interestingly, had Scott sent the complaints to that address service might have been properly effected.  See B.C. Reg. 221/90, s. 11(6.1)(c) (stating that "if delivery cannot be effected [by leaving the document with an adult at the defendant's residential or business address, it can be effected] by inserting the document into a mail box, mail slot or mail receptacle at the residential or business address").  Of further note, the British Columbia rules also provide that, when a defendant's current address is unknown, service may be effected by delivering the complaint to the defendant's last known address.  B.C. Reg. 221/90, s. 11(10).  It is unclear whether Characters Talent Agency could be considered Adams's last known address, and the court will not make that presumption.  See Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987) (stating that when in doubt the court should err toward setting aside the default judgment); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (same); see also Hritz v. Woma Corp., 732 F.2d 1178 1181 (3d Cir. 1984) (stating that resolution of a case on its merits is preferred to resolution based on procedural default).

[6] Accordingly, Scott's second motion for default judgment (Doc. 173) will be denied.

effect service of the complaint.  See Umbenhauer v. Woog, 969 F.2d 25, 30-31 (3d Cir. 1992) (stating that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.").  Adams may file an appropriate response to the complaint after service has been effected.

    An appropriate order will issue.


                                      S/ Christopher C. Conner  
                                     CHRISTOPHER C. CONNER  
                                     United States District Judge

Date:        May 5, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERESA ANNE SCOTT,** | : | **CIVIL ACTION NO. 1:02-CV-1586** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **PAMELA WELLINGTON LACKEY, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 5th day of May, 2005, upon consideration of the motion to set aside default (Doc. 179), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to set aside default (Doc. 179) is GRANTED.

2. The default (Doc. 92) and default judgment (Doc. 163) entered against Evan Leslie Adams are SET ASIDE.

3. Plaintiff shall effect service of process on Evan Leslie Adams on or before June 30, 2005, and file proof thereof with the court. Failure to comply with this paragraph will result in the dismissal of all claims against Adams.

4. Plaintiff's second motion for default judgment (Doc. 173) is DENIED.

5. Evan Leslie Adams's motion (Doc. 188) to strike the second motion for default is DENIED as moot.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge