IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERESA ANNE SCOTT**, | : | CIVIL ACTION NO. 1:02-CV-1586 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PAMELA WELLINGTON LACKEY** and **EVAN LESLIE ADAMS**, | : | |
| | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 14th day of May, 2008, upon consideration of the motion for reconsideration (Doc. 293) of the order of court dated April 4, 2008 (Doc. 289), in which plaintiff argues that the court violated the Federal Rules of Civil Procedure when it denied her request for the costs of the failed first deposition of defendant Evan Leslie Adams,[1] and the court finding that there are no manifest errors of law or fact in the challenged order,[2] see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d

---

[1] Plaintiff incorrectly asserts that the "court addressed only two of the six 'do not answer' instructions given by [Attorney] Rubendall" during the hearing on her motion to compel and for sanctions. (Doc. 297 at 6.) In ruling on plaintiff's motion, the court considered the arguments presented during the hearing, as well as the information contained in plaintiff's motion (Doc. 286). In addition, after reviewing the complete transcript of the failed deposition, the court's ruling remains unchanged. See infra note 2.

[2] Plaintiff asserts that new evidence, i.e., the DVD of the failed deposition, warrants reconsideration. The court disagrees. As an initial matter, the court did not receive the DVD despite plaintiff's indication that it should arrive within a week of her April 30, 2008 brief in support of the instant motion. (See Doc. 297 at 6 n.6.) However, plaintiff did provide a transcript of the failed deposition. (See Doc. 293, Ex. A.) Having reviewed this transcript and plaintiff's unofficial account of the off-the-record discussion she had with Attorney Rubendall (see id., Ex. B), the court finds that sanctions against Attorney Rubendall or defendant Adams are inappropriate and plaintiff is not entitled to the costs of the failed deposition.

Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . ."), it is hereby ORDERED that the motion for reconsideration (Doc. 293) is DENIED.

                                                 S/ Christopher C. Conner  
                                                CHRISTOPHER C. CONNER  
                                                United States District Judge