IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERESA ANNE SCOTT**, | : | CIVIL ACTION NO. 1:02-CV-1586 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **PAMELA WELLINGTON LACKEY** and **EVAN LESLIE ADAMS**, | : | |
| Defendants | : | |

### MEMORANDUM

Presently before the court is a motion for a protective order (Doc. 306), filed by defendant Evan Leslie Adams ("Adams"). In the motion, Adams seeks protection from certain questions posed by Teresa Scott ("Scott") during the course of his second deposition. For the reasons that follow, the motion for a protective order will be granted in part and denied in part.

On April 3, 2008, the court conducted a telephone conference with the parties to resolve issues that arose during Scott's initial, aborted deposition of Adams. (See Docs. 288, 290.) The issues arose when counsel for Adams directed Adams not to respond to various questions regarding his ability to testify. The court ordered the parties to resume the deposition of Adams (see Doc. 289) and directed Scott "to accept a stipulation on the record . . . that the deponent is ready, willing, and able to testify to [her] questions, that he is competent and not under the influence of any drugs or alcohol that would affect his ability to fully and completely respond to [her]

properly formed questions"[1] (Doc. 290 at 15-16).  The court also advised the parties to "move forward and get to the merits of this case rather than scuffle over these preliminary questions which really do nothing to advance either the prosecution of the claim or the defense of the matter."  (Id. at 10.)  The parties resumed Adams' deposition on April 24, 2008.  The following sixteen questions from the resumed deposition are at issue in the instant motion:

1. Dr. Adams, could you identify yourself for the record by stating your name and address?

2. Dr. Adams, you understand that the oath that you were administered means that you are testifying under the penalty of perjury?

3. Dr. Adams, are you refusing to answer the question of whether or not you understand the oath?

4. Dr. Adams, you understand that your testimony today has the same significance as it would have if you were testifying in court before a judge or a jury?

5. Is your memory working as well today as it usually does?

6. Do you have any questions about what we've covered so far?

7. Have you ever been arrested?

8. Do you plan to – you claim that the publications about plaintiff are true, the – the things that Wellington wrote?[2]

---

[1] This stipulation would also cover Scott's concern that an illness would prevent Adams from being competent to testify at his deposition.  (See Doc. 290 at 16.)

[2] This question attempts to ascertain whether Adams will assert the defense of truth.  In his subsequent motion for summary judgment (Doc. 306), Adams asserts this defense (see Doc. 307 at 19-22).  Therefore, this question is moot.

9. Do you intend to testify at trial?

10. Do you know of anyone who has any documents that might be relevant to this lawsuit?

11. Are there any documents that you're aware of that are relevant to this lawsuit?

12. Have you given all of the documents in your possession or control relevant to the lawsuit to your lawyer?

13. Are you aware of anyone that may have some evidence that would be useful to getting to the truth of this lawsuit?

14. Are you aware of anyone that has any information at all concerning this lawsuit?

15. Dr. Adams, did you ever attempt to sit down and document your recollections of the facts that preceded the lawsuit?

16. Did you at any point in the last eight years make an effort to – your – your – any – any part you had in any of this lawsuit?[3]

Counsel instructed Adams not to answer these questions[4] for various reasons and subsequently filed the instant motion (Doc. 306) for a protective order. The motion has been fully briefed and is ripe for disposition.

Rule 30 of the Federal Rules of Civil Procedure allows the court to "order that the deposition be terminated or [to] limit its scope and manner as provided in Rule 26(c)." FED. R. CIV. P. 30(d)(3)(B). Rule 26 provides that "[t]he court may, for

---

[3] The nature of this question is unclear as stated. In her opposition to the instant motion, Scott does not elucidate the meaning of this question. Therefore, the court will grant the motion with respect to question number 16.

[4] With respect to question number 1, counsel objected only to the request for Adams' address.

good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Id. 26(c)(1).

With respect to question number 1, defendant objects to providing his address, stating that it is irrelevant and may endanger his privacy. The court agrees and is troubled by Scott's assertion that she has now "decided to conduct some investigation of Adams" because she has "become a defendant of sorts" by Adams asserting truth as a defense to her defamation claims. (Doc. 313 at 6.)[5] There are no counter-claims against Scott; therefore, she is not "a defendant of sorts." Scott has not demonstrated a valid need for Adams' address to conduct

---

[5] The court's concern regarding Scott's desire to "conduct some investigation of Adams" is also implicated by question number 7 where Scott seeks to learn if Adams has ever been arrested. Scott indicates that "she needs to search his background for evidence that he is not credible or that his character is questionable." (Doc. 313 at 10.) First, Adams' general character is not at issue in this case. Second, Scott does not attempt to demonstrate the relevance of an arrest to the issue of credibility. See United States v. Lundy, 416 F. Supp. 2d 325, 333 (E.D. Pa. 2005) ("Arrest without more does not . . . impeach the integrity or impair the credibility of a witness . . . ." (quoting Michelson v. United States, 335 U.S. 469, 482 (1948))); Ferri v. Bell, 645 F.2d 1213 (3d Cir. 1981) ("[T]he mere fact of an arrest record . . . may not be used to impeach a witness . . . ."). Given Scott's new desire to investigate Adams, the court finds that this question is designed to annoy, embarrass, or oppress Adams. Therefore, the court will grant the instant motion with respect to question number 7.

discovery. Accordingly, the court will grant the motion with respect to question number 1.[6]

With respect to question numbers 2 through 6, Adams contends that the questions violate the court's directive during the April 3, 2008 telephone conference. For question numbers 4 and 6, the court agrees and will grant the instant motion. The court finds, however, that question numbers 2 and 5 do not violate the April 3, 2008 directive and will therefore order Adams to answer these questions.[7]

With respect to questions 9 through 15, Adams argues that the work product doctrine under Rule 26(b)(3) of the Federal Rules of Civil Procedure prohibits Adams from answering these questions. Rule 26(b)(3) provides, in pertinent part, that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." FED. R. CIV. P. 26(b)(3). The protection afforded under the work product doctrine "extends to both tangible and intangible work product." In re Cendant Corp. Sec. Litig., 343 F.3d 658, 662 (3d Cir. 2003).

> [T]he courts consistently held that the work product concept furnished no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from

---

[6] Scott also argues that Adams should be required to give his address because the court previously ordered Scott to provide the identity and address of a potential witness or remove the witness from her witness list. (See Doc. 129.) This argument is unpersuasive. Adams is a party, not a witness.

[7] Question number 3 merely asks if Adams is refusing to answer question number 2. Given the court's ruling that Adams must answer question number 2, question 3 is now moot.

> whom he or she had learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.

8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2023 (2d ed. 2008). The court agrees with Adams that question number 9 involves trial strategy that is protected by the work product doctrine and will therefore grant the motion with respect to this question.[8] The answers to the remaining questions, however, do not fall under this doctrine and the court will deny the motion accordingly.[9] The court notes that Adams has a duty under Rule 26 to disclose the identity of each individual likely to have discoverable information and information regarding documents and other tangible things that may be used to support claims or defenses, unless the use of the individuals or documents would be for impeachment purposes only, and to supplement any initial disclosures with new information. See FED. R. CIV. P. 26(a)(1), (e). Therefore, the court will require Adams to answer the following questions that cover the information sought by question numbers 10 through 15:

1.  Are you aware of any documents relevant to the allegations of the second amended complaint that have not already been disclosed by your counsel?

---

[8] The court notes that Adams will have to disclose his witness list in accordance with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(a)(3).

[9] Without citing any legal authority, Adams also contends that question numbers 12 through 15 seek information protected by the attorney-client privilege. These questions do not seek to have Adams divulge any communications with counsel. Therefore, the court finds that the attorney-client privilege does not apply.

      2.      Are you aware of any individuals likely to have relevant information regarding the allegations of the second amended complaint that have not already been disclosed by your counsel?

      3.      Have you ever documented your recollections of the facts relevant to the allegations of the second amended complaint?

In requiring Adams to answer these questions, the court expresses no opinion on whether any documents identified by Adams must be produced for Scott's inspection.  See, e.g., id. 26(b)(3).

    The court would be remiss if it did not express its continued frustration over the parties' inability to resolve these matters without court intervention.  However, the court notes that the issues raised by the instant motion had a de minimus impact on the overall deposition of Adams and are attributable, in part, to the restrictive nature of a telephone deposition and the choice of words employed by a *pro se* plaintiff.  Therefore, in requiring Adams to answer certain questions, the court will not require another oral deposition of Adams.  Instead, the parties shall treat these questions as written interrogatories.

    An appropriate order will issue.

                                                        S/ Christopher C. Conner  
                                                        CHRISTOPHER C. CONNER  
                                                        United States District Judge

Dated:       June 13, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERESA ANNE SCOTT**, | : CIVIL ACTION NO. 1:02-CV-1586 |
| **Plaintiff** | : |
| | : (Judge Conner) |
| v. | : |
| **PAMELA WELLINGTON LACKEY** and **EVAN LESLIE ADAMS**, | : |
| **Defendants** | : |

## ORDER

AND NOW, this 13th day of June, 2008, upon consideration of the motion for a protective order (Doc. 306), filed by defendant Evan Leslie Adams, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion for a protective order (Doc. 306) will be GRANTED in part and DENIED in part as follows:

1. The motion (Doc. 306) is GRANTED with respect to question numbers 1, 4, 6, 7, 9, 16.

2. The motion is DENIED with respect to question numbers 2, 3, 5, 8, 10, 11, 12, 13, 14, and 15.[10]  Defendant shall provide, on or before June 27, 2008, written responses to the following questions:[11]

    a. Do you understand that the oath that you were administered means that you are testifying under the penalty of perjury?

---

[10] The court denies the motion with respect to question numbers 3 and 8 because these questions are moot.  Defendant is not required to answer these questions.

[11] Defendant shall answer these questions as he would have on the day of the deposition.

      b.     Is your memory working as well today as it usually does?

      c.     Are you aware of any documents relevant to the allegations of the second amended complaint that have not already been disclosed by your counsel?

      d.     Are you aware of any individuals likely to have relevant information regarding the allegations of the second amended complaint that have not already been disclosed by your counsel?

      e.     Have you ever documented your recollections of the facts relevant to the allegations of the second amended complaint?

3.     Each party is to bear its own costs for presentation of the instant motion as well as compliance with this order.

 

                S/ Christopher C. Conner
                CHRISTOPHER C. CONNER
                United States District Judge