# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERESA ANNE SCOTT,** | : CIVIL ACTION NO. 1:02-CV-1586 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **PAMELA WELLINGTON LACKEY** **and EVAN LESLIE ADAMS,** | : |
| **Defendants** | : |

## ORDER

AND NOW, this 20th day of July, 2010, upon consideration of the motion (Doc. 347) to vacate the court's order granting defendant Adams's summary judgment motion, filed by plaintiff Teresa Anne Scott ("Scott") under Federal Rule of Civil Procedure 59, wherein Scott requests that the court reconsider its order (Doc. 345) dated January 20, 2010, which granted summary judgment on all claims in favor of defendant Evan Adams ("Adams"), but deferred entry of final judgment because Scott's claims against defendant Pamela Wellington Lackey ("Lackey") have yet to be resolved, and recognizing that the court's January 20, 2010 order was interlocutory in nature, see O. Hommel Co. v. Ferro Corp., 659 F.2d 340, 353 (3d Cir. 1981) (defining "judgment" as a "final judgment," which comprises "a decree and any order from which an appeal lies"), and recognizing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), that the court possesses inherent power to reconsider its interlocutory orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600,

605 (3d Cir. 1973), and that a party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court or to raise stale arguments anew, see Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001); see also Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (rejecting litigant's "classic attempt at a 'second bite at the apple'"), and it further appearing that Scott's claim that Adams did not meet his Rule 56 burden is without merit,[1] that Scott was afforded ample opportunity to

---

[1] Scott critiques the court's application of the Rule 56 standard and contends that Adams is not entitled to summary judgment under the appropriate standard. (See Doc. 348 at 4-12.) The Rule 56 standard proffered by Scott, however, is based upon multiple citations to the concurring and dissenting opinions in Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Adams' motion for summary judgment was supported by a separate, short and concise statement of material facts with citations to the factual record. This was clearly sufficient to inform the court of the bases for the motion and to identify portions of the pleadings, discovery, and disclosure material on file that show "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Id. at 323 (explaining that movant "bears the initial responsibility of informing the district court of the basis for its motion" and providing record support). Scott also claims that there were several disputes of fact which should have precluded entry of judgment. The court thoroughly analyzed the summary judgment record and considered each purported factual dispute in its January 20 order; Scott's attempt to re-argue these issues now is simply an attempt to relitigate matters of disagreement with the court.

address and respond to the issue of whether an agency relationship existed,[2] and that the remainder of Scott's assertions do not concern manifest errors of law or fact or newly discovered evidence, see Harsco, 779 F.2d at 909; Erdman v. Nationwide Ins. Co., 621 F. Supp. 2d 230, 233 (M.D. Pa. 2007) (indicating that a motion for reconsideration may not be used to introduce claims not previously presented), it is hereby ORDERED that the motion (Doc. 347) to vacate the court's order granting defendant Adams's summary judgment motion under Rule 59 is CONSTRUED as a motion for reconsideration and is DENIED as so construed.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[2] Scott contends that she was denied due process because she was not aware that the existence of an agency relationship was a question in issue. (See Doc. 348 at 12-14.) Such an assertion is belied by the record. Adams set forth two objections to the report of the magistrate judge, the first of which read, "The magistrate judge erred in concluding that fact issues exist as to whether the Court has personal jurisdiction over plaintiff's causes of action against Dr. Adams based upon her *claim* 'that defendant Wellington was an agent of defendant Adams and that she, acting on behalf of defendant Adams, made defamatory statements to third parties.'" (Doc. 337 at 3 (quoting magistrate judge's report) (emphasis in original)). Adams expanded upon this argument and specifically addressed the agency question in his brief in support of the objections to the report. (See Doc. 338 at 13-15.) What is more, Scott's opposition to Adams' argument contains a discussion focused upon the existence of an agency relationship. (See Doc. 339 at 6-8.) Thus, Scott was well aware that the agency question was before the court, not only because Adams had objected to that finding, but also because the existence of an agency relationship was a central prerequisite to the dispute over personal jurisdiction. Under these circumstances, Scott's due process rights were not tread upon.