**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERESA ANNE SCOTT,** | : | **CIVIL ACTION NO. 1:02-CV-1586** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAMELA WELLINGTON LACKEY** | : | |
| **and EVAN LESLIE ADAMS,** | : | |
| | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

In this diversity action brought by plaintiff Teresa Anne Scott ("Scott")

against Pamela Wellington Lackey ("Wellington") and Evan Leslie Adams

("Adams"), Scott asserts claims of defamation, libel, invasion of privacy and

conspiracy.  (See Doc. 160, at 41-46).  Presently before the court are three motions:

(1) Scott's motion for entry of final judgment, or in the alternative, for a certificate

of interlocutory appeal and stay (Doc. 359); (2) Wellington's motion to dismiss (Doc.

363); and (3) Scott's motion to strike (Doc. 366) Wellington's motion to dismiss.  For

the reasons that follow, the court will deny the first two motions as dismiss the third

as moot.

**I.   <u>Background</u>**

The procedural history of this case, which has been pending before this court

for close to a decade, is extensive.  In the interest of economy, the court will only

recite the history relevant to the pending motions.  By Memorandum and Order

dated January 20, 2010, (Doc. 345), the court granted defendant Adams' motion for

summary judgment on the claims asserted against him.  Because claims against Wellington were still pending, the court deferred entry of judgment in favor of Adams until the resolution of all claims.  (See id. at 27).  Scott thereafter filed a motion for reconsideration of the court's grant of summary judgment, which the court denied on July 20, 2010.  (See Doc. 354).  Although the dispositive motions deadline had passed, and all dispositive motions ruled upon, the court inadvertently overlooked the need to issue a new trial schedule for the remaining claims against Wellington.  Neither Scott nor Wellington, both of whom are proceeding *pro se* in this matter contacted the court to inquire about a trial date.

From July 20, 2010, the date of the court's order denying Scott's motion for reconsideration, until the filing of Scott's motion for entry of judgment on July 12, 2011, there has been no activity in this case, save for the submission of quarterly status reports on the pendency of Wellington's bankruptcy proceedings.  (See Docs. 355-358).  Wellington initially filed her bankruptcy petition in July of 2005, and the instant matter was stayed against Wellington pursuant to the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a).  (Doc. 219).  The court lifted the stay on June 7, 2007, after Scott moved for, and was granted relief from, the automatic stay by the bankruptcy court.  (Doc. 249).  Per court order, Wellington continues to submit quarterly status reports.  (Doc. 2129). Wellington has completed the payments required under her bankruptcy plan and awaits discharge, which has been delayed pending resolution of the instant matter.  (See Doc. 369).

On July 12, 2011, Scott filed her motion for entry of judgment or in the alternative for certification of the January 20, 2010 memorandum and order for interlocutory appeal and stay.  (Doc. 363).  Thereafter, on August 10, 2011, Wellington filed a motion to dismiss.  (Doc. 363).  In response, Scott filed a motion to strike (Doc. 366) Wellington's motion to dismiss.  The motions have been fully briefed and are ripe for disposition.

## II.   Discussion

The court will address Wellington's motion to dismiss (Doc. 363) and Scott's motion to strike (Doc. 366) first, followed by Scott's motion for entry of judgment or certificate of appealability.

### A.   Wellington's Motion to Dismiss and Scott's Motion to Strike

On August 10, 2011, Wellington filed a motion to dismiss.  In her motion and brief, Wellington fails to cite any statute or case law entitling her to relief.  In essence, she argues that the case should be dismissed because Scott has taken no action against her in this litigation since January of 2010.  (See Doc. 363, at 5, 6).  In response to the motion, plaintiff Scott filed a motion to strike, asserting that she is unable to prepare a meaningful response without knowing the legal basis and facts relied upon by Wellington.  (Doc. 366).[1]

---

[1] Scott cites Wellington's alleged failure to comply with Federal Rule of Civil Procedure 11(b)(2) and (3) and Local Rule 7.8(a) as the basis for her motion to strike.  (See Doc. 366).

The court construes Wellington's motion as a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  A defendant may move under Rule 41(b) to dismiss an action "if the plaintiff fails to prosecute or comply with [the federal rules of civil procedure] or court order."  FED. R. CIV. P. 41(b); see also Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008).  In determining whether dismissal under Rule 41(b) is appropriate, the Third Circuit directs district courts to consider the following factors: (1) the extent of the plaintiff's personal responsibility; (2) the prejudice to the defendant caused by plaintiff's failure to meet scheduling orders and respond to discovery; (3) whether there is a history of dilatoriness; (4) whether the conduct of the plaintiff was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the plaintiff's claim or defense.  Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Gillespie v. Beard, Civil No. 3:-09-CV-1453, 2011 WL 4463727, at *2 (M.D. Pa. Sept. 26, 2011).  Every factor need not be satisfied to justify dismissal.  Gillespie, 2011 WL 4463727, at *2.

Here the court finds that none of the factors have been satisfied.  The extended period of inactivity in this case is largely due to the inadvertent failure of the court to issue a revised scheduling order setting a trial date for Scott and Wellington subsequent to granting defendant Adam's motion for summary judgment.  Plaintiff Scott is not responsible for the court's omission, nor has she failed to comply with court orders or the federal rules.  While this matter has a long litigation history, that is the result of numerous factors beyond the control of any of

4

the parties.  There is no evidence of willfulness or bad faith by Scott and dismissal is unnecessary as the court will issue a scheduling order setting a trial date so that this matter may proceed to a conclusion.  The court will therefore deny Wellington's motion to dismiss (Doc. 363) and dismiss Scott's motion to strike (Doc. 366) as moot.

### B.   Scott's Motion for Entry of Judgment or Certificate of Appealability

On January 20, 2010, the court granted Adams' motion for summary judgment, but deferred the entry of judgment on those claims until the resolution of the remaining claims against Wellington.  Scott now moves for the entry of final judgment on the claims against Adams so that she may take an appeal to the Third Circuit.  In the alternative, Scott moves for a certificate of interlocutory appeal pursuant to 28 U.S. § 1292(b), and stay.

### 1.   Rule 54(b) Entry of Judgment

The federal courts have historically disfavored piecemeal appeals.  See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956); Sussex Drug Products v. Kanasco, Ltd., 920 f.2d 1150, 1153 (3d Cir. 1990).  However, pursuant to Federal Rule of Civil Procedure 54(b),

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b).  The decision of whether to grant a Rule 54(b) certification is within the sound discretion of the district court.  See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980).  When granting a Rule 54(b) certification, the court

must clearly articulate the reasons and factors underlying its decision.  See

Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 203 (3d Cir. 2006).

In the instant matter, there is a final judgment with respect to all claims

against Adams.  Thus, the court must determine whether there is no just reason to

delay the entry of judgment until the final resolution of all issues.  That

determination requires the court to consider judicial administrative interests and

the equities involved.  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).

The relevant factors according to the Third Circuit are:

> (1) the relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be
> mooted by future developments in the district court; (3) the possibility
> that the reviewing court might be obliged to consider the same issue a
> second time; (4) the presence or absence of a claim or counterclaim
> which could result in set-off against the judgment sought to be made
> final; (5) miscellaneous factors such as delay, economic and solvency
> considerations, shortening the time of trial, frivolity of competing
> claims, expense, and the like.

Berckeley Inv. Group, Ltd., 455 F.3d at 203 (quoting Allis-Chalmers Corp. v.

Philadelphia Elec. Co., 521 F.2d 360, 364 (3d Cir. 1975)).

In the court's January 20, 2010, Memorandum and Order, the court found

that it lacked personal jurisdiction over Adams, and thus summary judgment on all

claims against him was warranted.  (Doc. 345).  While the factual allegations against

Adams and Wellington overlap, the issue of whether the court has personal

jurisdiction over Adams, is a question unique to Adams.  Thus, with respect to the

first factor—the relationship between the adjudicated and unadjudicated

claims—they are related and do overlap, but the appellate question of personal

6

jurisdiction over Adams will not be affected by any relationship or overlap between the claims of defamation, invasion of privacy and conspiracy as asserted by Scott.

It is also clear that the need for review will not be mooted by future developments in this case.  All that is left in this matter is a trial on Scott's remaining claims against Wellington.  Regardless of the outcome of trial, the personal jurisdiction issue will remain unchanged.  As to the third factor, while the appellate court may be obliged to consider the same fact pattern a second time, should the court grant a Rule 54(b) certificate of appeal, again, the issue of personal jurisdiction is, for lack of a better word, personal to Adams.  There is no personal jurisdiction issue with respect to Wellington.  The fourth factor—a claim or counterclaim that may result in a set-off of the judgment sought to be made final—is not at play here.  The first four factors thus appear to weigh in favor of finding no just reason for delay.  The fifth factor, however, weighs heavily against the issuance of a Rule 54(b) certification of judgment.

The fifth factor is a combination of other considerations such as delay, expense, and the like.  Scott contends that it is counterproductive to proceed with trial without a Third Circuit ruling on whether this court has personal jurisdiction over Adams because it would unnecessarily increase the expense, time and complexity of the proceeding.  (Doc. 360, at 8).  Adams counters that Scott's mere disagreement with the court's personal jurisdiction ruling does not warrant certification and any delay is a result of Scott's own conduct, or lack thereof, in moving this matter forward to trial and final resolution.  (Doc. 361, at 6).

7

The court finds that the additional delay that an appeal would cause to this decade old litigation is just reason to deny Scott's motion for entry of judgment under Rule 54(b).  Contrary to Scott's assertion, it is the entry of judgment that will unnecessarily increase the expense and time of the proceedings, not the failure to do so.  Scott's assertion is based upon her presumption that she will be successful on appeal.  However, this court has twice considered Scott's position about the court's jurisdiction over Adams—in opposition to summary judgment and in a motion for reconsideration—and both times rejected that position.  To stay this matter, as Scott requests, pending an appeal to the Third Circuit (which will likely take over one year) will needlessly extend this already protracted litigation. Moreover, given that a trial will be necessary regardless of the Third Circuit ruling on personal jurisdiction, a further delay of the trial is unwarranted.

In addition, the court notes that the continued languor of this litigation is affecting the judicial administration of other court proceedings.  Wellington cannot be discharged from bankruptcy until there is a final judgment in this matter.  (See Doc. 369; see also Doc. 363, at 4).  There is just reason to delay the entry of final judgment with respect to Adams, and that is the further protraction of this litigation.  The court will therefore deny Scott's motion for entry of judgment.

## 2.   Certification of Interlocutory Appeal

Alternatively, Scott requests that the court certify its January 20, 2010 Memorandum and Order for interlocutory appeal and stay the case pending disposition of the interlocutory appeal.  A court may certify a non-final order for

interlocutory appeal under 28 U.S.C. § 1292(b) if: (1) the order "involves a controlling question of law," (2) "a substantial ground for difference of opinion" exists with regard to the issue involved, and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009) [hereinafter Chocolate]; Simon v. United States, 341 F.3d 193, 199 (3d Cir. 2003).

An order involves a controlling question of law under the first prong if either: (1) an incorrect disposition would constitute reversible error if presented on final appeal, or (2) the question is "serious to the conduct of the litigation either practically or legally." Chocolate, 607 F. Supp. 2d at 705 (citing Katz v. Carte Blanche Corp, 496 F.2d 747, 755 (3d Cir. 1974)).

With respect to the second prong, "a substantial ground for difference of opinion exists when controlling authority fails to resolve a pivotal matter." Id. at 705-706 (citing  Knipe v. SmithKline Beecham 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) and EBC, Inc. v. Clark Bldg. Sys., No. 05-CV-1549, 2008 WL 728541, at *2 (W.D. Pa. Mar. 17, 2008)).  For a movant to satisfy this prong, a genuine doubt must exist about the legal standard governing a particular case. Knipe, 583 F. Supp. 2d at 600.  The court should not certify questions of relatively clear law simply because the losing party disagrees with the court's analysis. Elec. Mobility Corp. v. Bourns Sensors/Controls, 87 F. Supp. 2d 394, 398 (D.N.J. 2000).

Finally, for an appeal to "materially advance the ultimate termination of the litigation," § 1292(b), as required by the third prong, the court must determine that the appeal will eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense. Chocolate, 607 F. Supp. 2d at 707 (citing Knipe, 583 F. Supp. 2d at 599; Patrick v. Dell Fin. Servs., 366 B.R. 378, 387 (M.D. Pa. 2007)).  Cases in which discovery has closed are generally inappropriate for interlocutory appeal because trial is imminent.  Patrick, 366 B.R. at 387; FDIC v. Parkway Executive Office Ctr., No. 96-CV-121, 1997 WL 611674, at *3 (E.D. Pa. Sept. 24, 1997).

Ultimately, the certification decision is within the district court's discretion, and the court may decline to certify an order even if a party has satisfied all elements enumerated in the statute.  Knipe, 583 F. Supp. 2d at 599; L.R. v. Manheim Twp. Sch. Dist, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008).  District courts should exercise the discretion to certify an order for interlocutory appeal "sparingly."  Sabree v. Williams, No. 06-CV-2164, 2008 WL 4534076, at *1 (D.N.J. Oct. 2, 2008); see also Knipe, 583 F. Supp. 2d at 599.  The policies behind § 1292, which include the "avoidance of harm to a party pendente lite from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense," must be considered.  Katz, 496 F.2d at 756.  However, the burden rests with the moving party to "persuad[e] the court that exceptional circumstances exist that justify a departure from the basic policy of postponing

appellate review until after the entry of the final judgment." <u>Morgan v. Ford Motor Co.</u>, Civ. A. No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007).

Scott asserts four purported controlling questions of law:

1.      Did Adams meet his burden as summary judgment movant?
2.      Does the court have personal jurisdiction over Adams?
3.      Is there a material question of fact as to whether Wellington acted as Adams's agent?
4.      Did the court tread upon Scott's due process rights in the course of deciding Adam's motion for summary judgment?

(Doc. 360, at 11).  Assuming that these are controlling questions of law the court finds that Scott has failed to establish that there are substantial grounds for difference of opinion in the controlling authority.

Scott argues that this court's decision to decline to adopt the report and recommendation of the magistrate judge on Adam's summary judgment motion establishes that substantial grounds for difference of opinion are present.  (Doc. 360, at 12).  However, the controlling legal authority on the standards for summary judgment, personal jurisdiction, agency relationships and due process is not in question or conflict.[2]

---

[2]  Scott asserts that "[a]lthough the U.S. Supreme Court has clearly indicated that a Rule 56 movant has a higher burden than what is required for a Rule 12 motion, the Third Circuit has not issued any bright-line rules regarding the higher burden," and this case presents an opportunity to establish minimum standards. (Doc. 360, at 13).  This assertion is without merit.  The standard for summary judgment is well-settled and not in dispute.  <u>See</u> Fed. R. Civ. P. 56; <u>Reedy v. Evanson</u>, 615 F.3d 197, 210 (3d Cir. 2010) (stating the summary judgment standard).

With respect to personal jurisdiction, Scott claims because the personal jurisdiction analysis is fact sensitive there is an absence of controlling law on the issue.  (Doc. 360, at 15).  This claim is similarly without merit.  The controlling authority on the issue of personal jurisdiction is not in dispute.  The Supreme Court set the standard applicable to the instant matter in <u>Calder v. Jones</u>, 465 U.S. 783 (1984), and the court applied that standard, as further interpreted by the Third

The court rejected the magistrate judge's report because the magistrate judge rested his determination of an agency relationship between Wellington and Adams on the court's Rule 12 disposition, ignoring the summary judgment record. (Doc. 345, at 12-13).  The magistrate judge failed to apply the correct legal standard—the summary judgment standard.  There is no question of what the summary judgment standard is, the magistrate judge simply failed to apply it.

Scott's true issue is with the court's conclusion that summary judgment was warranted after *applying the facts* of this case *to the clearly applicable* law.  This is not a substantial ground for difference of opinion as to the correct legal standard.  It is nothing more than a disagreement with the court's conclusion.  Scott's personal disagreement with the court's ruling is an insufficient basis for interlocutory appeal.  See Elec. Mobility Corp., 87 F. Supp. 2d at 398 (stating that the court should not certify questions of relatively clear law simply because the losing party disagrees with the court's analysis).

Moreover, the court finds that certifying this court's January 20, 2010, Memorandum and Order for interlocutory appeal would have the same effect as a Rule 54(b) certification—needless additional delay of this ten year old litigation.  This is not a complex case.  It is a diversity action alleging state law tort claims.  Judicial administration and economy weigh heavily in favor of brining this decade old litigation to a conclusion.  Scott cannot satisfy the prerequisite for an

---

Circuit, in its January 20, 2010 Memorandum and Order.  (See Doc. 345, at 21-25).

interlocutory appeal under 28 U.S.C. § 1292(b).  The court will therefore deny

Scott's motion.

**III.    Conclusions**

        For the reasons set forth above, the court will deny Scott's motion for entry of

judgment or interlocutory appeal (Doc. 359), deny Wellington's motion to dismiss

(Doc. 363) and dismiss Scott's motion to strike (Doc. 366) as moot.  This matter will

be set for trial forthwith.  An appropriate order follows.


                                        __S/ Christopher C. Conner___
                                        CHRISTOPHER C. CONNER
                                        United States District Judge


Dated:        March 23, 2012

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERESA ANNE SCOTT,** | : | **CIVIL ACTION NO. 1:02-CV-1586** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAMELA WELLINGTON LACKEY** | : | |
| **and EVAN LESLIE ADAMS,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 23rd day of March, 2012, upon consideration of the motion

for entry of judgment (Doc. 359) filed by Teresa Anne Scott ("Scott"), the motion to

dismiss (Doc. 363) filed by Pamela Wellington Lackey, and the motion to strike

(Doc. 366) filed by Scott, and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1. The motion for entry of judgment (Doc. 359) is DENIED.

2. The motion to dismiss (Doc. 363) is DENIED.

3. The motion to strike (Doc. 366) is DISMISSED as MOOT.

4. A revised scheduling order setting forth a pretrial conference and trial
   date shall issue by future order of the court.


   S/ Christopher C. Conner
   CHRISTOPHER C. CONNER
   United States District Judge