# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERESA ANNE SCOTT**, | : | **CIVIL ACTION NO. 1:02-CV-1586** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAMELA WELLINGTON LACKEY**, | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

In this diversity action brought by plaintiff Teresa Anne Scott ("Scott")

against Pamela Wellington Lackey ("Wellington"), Scott asserts claims of

defamation, libel, invasion of privacy and conspiracy.  (See Doc. 160, at 41-46).  Trial

in this matter is set to commence on July 9, 2012.  (See Doc. 371).  Presently before

the court are two motions in limine to exclude evidence from trial (Docs. 372, 373).

For the reasons that follow, the court will deny both motions.

## I.   Standard of Review

The Federal Rules of Evidence govern the admissibility of evidence at trial.

All relevant evidence is admissible unless otherwise stated by the Constitution,

statute or other Federal Rules.  FED. R. EVID. 402; see also Daubert v. Merrell Dow

Pharms., 509 U.S. 579, 587 (1993) (noting that the "[b]asic standard of relevance

under Federal Rules of Evidence is liberal one.").  Under Rule 401, evidence is

relevant if it has "any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than

it would be without the evidence." FED. R. EVID. 401.  Evidence that is not relevant

is not admissible.  FED. R. EVID. 402.

The court may exclude relevant evidence pursuant to Rule 403, "if its

probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury, or by considerations of undue delay,

waste of time, or needless presentation of cumulative evidence."  FED. R. EVID. 403;

see also Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 382 (2008); Coleman

v. Home Depot Inc., 306 F.3d 1333, 1343-44 (3d Cir. 2002).  The Third Circuit has

cautioned that the exclusion of potentially relevant evidence pursuant to Rule 403 is

an "extreme measure" at the pre-trial stage.  Hines v. Consol. Rail Corp., 926 F.2d

262, 274 (3d Cir. 1991).  Evidence should rarely be excluded *in limine* pursuant to

Rule 403 because "[a] court cannot fairly ascertain the potential relevance of

evidence for Rule 403 purposes until it has a full record relevant to the putatively

objectionable evidence."  In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir.

1999).

Additionally, pursuant to Rule 404 of the Federal Rules of Evidence,

character evidence is generally not admissible to prove conduct.  In particular,

"evidence of other crimes, wrongs, or acts is not admissible to prove the character

of a person in order to show action in conformity therewith."  FED. R. EVID. 404(b).

Other crimes, wrongs or acts are admissible, however, to prove motive, opportunity,

intent, preparation, and plan.  Id.  Moreover, character evidence is admissible

where it is an essential element of a charge, claim or defense.  FED. R. EVID. 405(b).

In such cases, proof of character may be made through specific instances of that person's conduct. Id.

In a closely related vein, but contrary to the general rule on character evidence, evidence of habit or routine practice is admissible to prove that the conduct of a person on a particular occasion is in conformity with the habit or routine practice. FED. R. EVID. 406; see also FED. R. EVID. 406 advisory committee notes (1972) ("Character and habit are close akin."). Habit is described as one's regular response to a repeated, specific situation. See Becker v. ARCO Chemical Co., 207 F.3d 176, 204 (3d Cir. 2000) (quoting FED. R. EVID. 406 advisory committee notes (1972)); see also id. ('The doing of the habitual acts may become semi-automatic.').

Finally, authentication is a condition precedent to the admissibility of relevant documentary or physical evidence. The requirement of authentication "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." FED. R. EVID. 901(a). Evidence may be authenticated through "[t]estimony of a witness with knowledge," or "[t]estimony that a matter is what it is claimed to be." Id. 901(b)(1).

## II.   Discussion

### A.   Scott's Motion in Limine

Plaintiff Scott moves to preclude testimony and evidence concerning a November 2000 audio tape sent to Evan Adams, a previous defendant in this matter. Scott contends that the tape has been altered and cannot be authenticated.

She further asserts that she will waive any defamation or invasion of privacy claim

based upon the statement that mentions the tape.[1] Scott therefore contends that

the tape is irrelevant under Federal Rule of Evidence 401. To the extent the tape is

relevant, Scott contends that it is improper character evidence under Rule 404, and

its probative value is substantially outweighed by the danger of unfair prejudice,

confusion and waste of time pursuant to Rule 403. Wellington opposes the motion

contending that the tape is relevant and probative, that Scott has put her character

at issue by bringing claims of false light and defamation and that Scott's statements

on the tape are evidence of habit under Rule 406. (See Doc. 377).

The court finds that the tape is relevant to the instant matter. A defendant

may avoid liability in a defamation action by preventing evidence that the alleged

defamatory statements are true or substantially true. See Bakare v. Pinnacle

Health Hospitals, Inc., 469 F. Supp. 2d 272, 298 (M.D. Pa. 2006) ("Truth is an

absolute defense to a defamation claim."); Kilian v. Doubleday & Co., 79 A.2d 657,

660 (Pa. 1951); 42 PA. CONS. STAT. § 8343(b). The statements by Scott on the audio

tape are relevant to the extent they support Wellington's defense of truth. That

Scott is willing to dismiss the defamation claim regarding the one statement by

---

[1] The relevant statement reads as follows:
In December our discussion group sent Evan a tape. You know about this, right? Well, TD [Scott] was on it for ever . . . over a half an hour of rambling and very sexually weird talk. So weird that Liz Kelso, who made the tape on her answering machine, added a taped warning to Evan about her.
(Doc. 160 ¶ 25).

Wellington still at issue that mentions the audio tape is of no moment to the court's relevancy determination.  The court has previously found that the allegedly defamatory statements concern: (1) Scott's alleged racial animus towards natives; (2) Scott's alleged sexually explicit letters, emails and tapes; and (3) Scott's alleged sexual motivation for dealing with natives.  (See Doc. 265, at 11).  The statements made by Scott on the audio tape concern these very issues.

The tape is relevant, and given that the heart of this litigation concerns the statements made by Wellington and the truth of those statements, the court cannot conclude that the audio recording, assuming it is appropriately authenticated, should be excluded pursuant to Rule 403.  Nor will the court exclude the tape as improper character evidence pursuant to Rule 404.  The statements by Scott cannot be classified as inadmissible character evidence, nor do they qualify as habit evidence.  To the extent the statements touch upon Scott's character, the court notes that by bringing this defamation and false light action Scott has placed her character and reputation at issue.

On the issue of authentication, it is true that the audio tape may not be admitted into evidence unless it is authenticated.  However, Wellington may authenticate the tape through testimony of a witness with knowledge or testimony that the matter is what it claimed to be, or through any other means of appropriate identification and authentication.  FED. R. EVID. 901(b)(1).  Once authenticated—assuming the tape is not exclude on other grounds—the tape is admissible.  To the

extent Scott believes the tape has been altered, she may cross-examine witnesses and present her own evidence to discredit the tape.

For these reasons, Scott's motion to exclude the 2000 audio tape will be denied.

### B.      Wellington's Motion in Limine

Wellington's motion in limine (Doc. 372) asks the court to deem Scott a limited purpose public figure and grant Wellington summary judgment in this matter.  Scott responds that the motion is untimely, and moreover the motion fails as a matter of law.  (See Doc. 376).  In addition, Wellington moves the court to (1) prohibit Scott from presenting herself as a *pro se* litigant; (2) prohibit Scott from "attempting to reintroduce, argue, litigate or in any way attempt to bring up issues previously litigated and ruled upon by the Court"; (3) exclude any and all altered emails by Scott and admit only certified original copies of emails; (4) disallow as evidence any email that is on its face true, substantially true, or pure opinion; and (5) qualify any expert witness proposed by Scott.  (Doc. 372, at 7-8).  Scott responds that none of these requests have been appropriately briefed therefore she has inadequate notice of the legal issues and is unable to respond.  (Doc. 376, at 8-10).

To the extent Wellington moves for summary judgment, that motion is denied as untimely.  The time for filing motions for summary judgment has long since elapsed.  (See Doc. 289 (setting dispositive motions deadline of May 14, 2008)).

In addition, the court notes that Wellington has never asserted before now that Scott is a limited purpose public figure. Moreover, the court finds that Scott does not qualify as a limited purpose public figure.

In a defamation action, the designation of an individual as a limited purpose public figure has significant ramifications: whereas a private individual need only prove negligence on the part of the defendant to prevail, a limited purpose public figure must establish actual malice by the defendant. See Joseph v. Scranton Times L.P., 959 A.2d 322, 339, 342 (Pa. Super. Ct. 2008) The Pennsylvania courts describe the designation of limited purpose public figure as follows:

> A person may become a limited purpose public figure if he "thrust[s] himself into the vortex of the discussion of pressing public concerns. Such a person uses "purposeful activity" to thrust "his personality" into a "public controversy." He becomes a limited purpose public figure because he invites and merits "attention and comment." A person may become a limited purpose public figure if he attempts to have, or realistically can be expected to have, a major impact on the resolution of a specific public dispute that has foreseeable and substantial ramifications for persons beyond its immediate participants. "A private individual," however, "is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention."

Id. at 339 (internal citations omitted).

The instant litigation revolves around a website for fans of the actor Evan Leslie Adams. Scott was a member of this fan website. The court cannot say that by being a member of the site and participating in its activities that Scott thrust herself into the vortex of the discussion of pressing public concerns. See id. Additionally, simply because Scott may have become involved or associated with a

matter that attracts public attention, such as issues facing Native American actors like Adams, Scott has not been transformed into a public figure.  The court will therefore deny Wellington's motion to determine Scott a limited purpose public figure as both untimely and unsubstantiated.

With respect to the remaining five requests, on the first request the court notes that Scott is proceeding *pro se* and the court will not prohibit Scott from holding herself out as a *pro se* litigant.  Should Scott obtain counsel, counsel shall enter an appearance on the docket in the above-captioned matter.

The second request need not be belabored.  Scott will not be permitted to relitigate at trial matters previously ruled upon by the court.

The court construes the third request as a challenge to the authenticity of electronic email evidence.  As discussed <u>supra</u>, authenticity is a prerequisite to admissibility, and Scott will be required to authenticate any documents she seeks to enter into evidence pursuant to Federal Rules of Evidence 901 and 902.  To the extent Wellington believes that a piece of evidence being offered at trial has not been authenticated, Wellington is directed to object at the time of its offering.

The fourth request, concerning the disallowance of emails that Wellington believes to be true, substantially true, or pure opinion, is denied.  Truth is a defense to a defamation action and it is in the purview of the jury to decide whether Wellington has proved that defense.

Finally, with respect to the fifth request that the court qualify any expert witness proposed by Scott, the court will only permit the testimony of experts who have been appropriately disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2) and who meet the requirements of Federal Rule of Evidence 702. In short, both parties must abide by all the Rules of Evidence in the trial of this matter.

## II. Conclusion

For the reasons set forth above, both motions in limine (Docs. 372, 373) will be denied. An appropriate order is attached.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

Dated:      May 29, 2012

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERESA ANNE SCOTT**, | : | **CIVIL ACTION NO. 1:02-CV-1586** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAMELA WELLINGTON LACKEY**, | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 29th day of May 2012, upon consideration of the motion in
limine (Doc. 373) filed by plaintiff Teresa Anne Scott ("Scott"), and upon further
consideration of the motion in limine (Doc. 372) filed by defendant Pamela
Wellington Lackey ("Wellington"), and for the reasons set forth in the
accompanying memorandum, it is hereby ORDERED that:

1. Scott's motion in limine (Doc. 373) is DENIED without prejudice to the
   right of Scott to object at trial to any evidence she believes to be
   improperly authenticated or otherwise inadmissible.

2. Wellington's motion in limine (Doc. 372) is DENIED without prejudice
   to the right of Wellington to object at trial to any evidence she believes
   inadmissible.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge