IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERESA ANNE SCOTT**, | : CIVIL NO. 1:02-CV-01586 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **PAMELA WELLINGTON** | : |
| **Defendant** | : |

## ORDER

AND NOW, this 15th day of August, 2012, upon consideration of plaintiff Teresa Scott's ("Scott") Motion for a New Trial (Doc. 458), filed August 9, 2012, and Motion to Alter or Amend Judgment Entered in Favor of Evan Adams (Doc. 456), filed August 9, 2012, and the court noting the a district court may grant a new trial on all or some issues, see FED. R. CIV. P. 59(a), and that the decision whether to grant a new trial is generally entrusted to the sound discretion of the district court, see Greenleaf v. Garlock, Inc., 174 F.3d 352, 363-64 (3d Cir. 1999), and the court noting that Scott has not produced a scintilla of evidence that a new trial is warranted,[1] it is hereby ORDERED that

---

[1] The majority of Scott's lengthy motion consists merely of arguing the sufficiency of the evidence. Rather than refute each of the myriad ways she believes the jury result was erroneous, it is enough to note the simple fact that the jury clearly did not find her trial presentation to be credible. The rest of her motion is dedicated to legal objections that are all baseless and generally waived, particularly with regard to her disagreement with the jury instructions, as Scott specifically stated on the record that she had no objection to the charge. Moreover, contrary to Scott's assertion, the court held a charge conference during which the parties were given a paper copy of the court's proposed instructions, as well as the

    1.    Scott's Motion for a New Trial is DENIED.

    2.    Scott's Motion to Alter or Amend Judgment Entered in Favor of Evan Adams is DENIED.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

verdict form. Both parties had ample opportunity to raise objections or concerns. Thus, the court fully complied with Federal Rule of Civil Procedure 51(b).