# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERESA ANNE SCOTT,** | : | CIVIL ACTION NO. 1:02-CV-01586 |
| **Plaintiff** | : | |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **PAMELA WELLINGTON LACKEY** | : | |
| **and EVAN LESLIE ADAMS,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 11th day of September, 2013, upon consideration of the motion to vacate judgment (Doc. 490),[1] filed by plaintiff Teresa Anne Scott ("Scott"), wherein Scott seeks to vacate the court's order (Doc. 345) granting summary judgment for defendant Evan Adams ("Adams") pursuant to Federal Rule of Civil

---

[1] Prior to filing this motion, Scott filed an appeal (Doc. 462) of the court's orders (Docs. 345, 354, 370, 429, 450, 451, 461), which is currently before the United States Court of Appeals for the Third Circuit. See Scott v. Lackey, No. 12-3321. Although the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal," Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), the court may make an indicative ruling on a motion for relief pursuant to Federal Rule of Civil Procedure 62.1. The court may defer considering the motion, deny the motion, or state that the motion raises a substantial issue or that the court would grant the motion if the appellate court remands for that purpose. FED. R. CIV. P. 62.1(a).

Procedure 60(b)(4),[2] and the court noting that it always has jurisdiction to determine whether it may exercise jurisdiction, see United States v. United Mine Workers, 330 U.S. 258, 291 (1947), and that there is a distinction between a void judgment rendered in the absence of jurisdiction and a valid judgment on the issue of jurisdiction, see Vecchione v. Wohlgemuth, 426 F. Supp. 1297, 1307 (E.D. Pa. 1977), and the court concluding that the court's order (Doc. 345) determined that it was without personal jurisdiction over Adams and, as a result, granted Adams's motion for summary judgment,[3] it is hereby ORDERED that the motion to vacate judgment (Doc. 490) is DENIED.

                                        /S/ CHRISTOPHER C. CONNER
                                        CHRISTOPHER C. CONNER
                                        Chief Judge, Middle District of Pennsylvania

---

[2] Scott argues that the court's order (Doc. 345) is void because the court concluded therein that it lacked personal jurisdiction over Adams. (Doc. 492 at 3). In the alternative, pursuant to Rule 60(a), Scott seeks to correct a clerical error in the judgment (Doc. 451), which entered summary judgment in favor of Adams in accordance with the court's order (Doc. 345) and stated that the action was tried by a jury. Neither statement is a mistake; the court did order summary judgment in favor of Adams and the action was in fact tried by a jury. The court does not find a clerical mistake to correct. Moreover, while an appeal is pending, Rule 60(a) permits corrections only with leave from the appellate court. FED. R. CIV. P. 60(a).

[3] Scott also cites to Marten v. Godwin, 499 F.3d 290 (3d Cir. 2007) for the proposition that the court's order granting summary judgment pursuant to Rule 56 was inappropriate to dismiss a claim for lack of personal jurisdiction. The court in Marten, however, did not declare the summary judgment void and merely stated that dismissing claims for lack of jurisdiction is "more appropriately done" pursuant to Rule 12 rather than Rule 56. Marten, 499 F.3d at 295 n.2. In the case *sub judice*, Adams did raise a motion to dismiss pursuant to Rule 12(b)(2), (Doc. 209), which the court denied because, at that stage, Scott only needed to plead a prima facie case to survive the motion to dismiss. (Doc. 224 at 4). The denial of Adams's motion to dismiss for want of personal jurisdiction was only interlocutory, and after such denial, Adams was entitled to continue to challenge personal jurisdiction in his answer or by a motion for summary judgment.